UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARGIE CLARK | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | |
| | * | |
| NATIONAL RAILROAD PASSENGER | * | |
| CORPORATION, NORFOLK SOUTHERN, | * | |
| DANIEL THOMAS, CHRISTOPHER | * | |
| WHATLEY, RANDALL E. BRAY | * | |
| DL PETERSON TRUST, TEXTRON, INC., | * | |
| LIBERTY MUTUAL INSURANCE | * | |
| COMPANY, XZY INSURANCE COMPANY, | * | |
| AND ABC INSURANCE COMPANY | * | |
| | * | SECTION: " " ( ) |

*********************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, Margie Clark, a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents that:

### A.    Jurisdiction

Jurisdiction is vested in this Honorable Court by virtue of 28 U.S.C. §§1331 and 1349 as to the subject claims against the National Railroad Passenger Corporation and by virtue of 28 U.S.C. §1367 as to the claims against the other named defendants because these claims are so related to claims against the National Railroad Passenger Corporation that they form part of the same case or controversy under Article III of the United States Constitution.

### B.    Venue

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2)

1

because the events or omissions giving rise to the claim occurred in the Parish of St. Tammany, State of Louisiana, which is within the Eastern District of Louisiana.

### C.     Parties

Made defendants herein are the following parties:

A. National Railroad Passenger Corporation d/b/a Amtrak (hereinafter "Amtrak"), a corporation organized and operating by virtue of an act of Congress, engaged in interstate commerce and transportation as an interstate carrier, including the State Louisiana, and one-half of whose capital stock is owned by the United States;

B. Norfolk Southern, a foreign business, licensed to do and doing business in the Parish of St. Tammany, State of Louisiana;

C. Daniel Thomas, a person of the full age of majority and a resident of the County of Lauderdale, State of Mississippi;

D. Christopher Whatley, a person of the full age of majority and a resident of the County of Jones, State of Mississippi;

E. Randall E. Bray, a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana;

F. Textron, Inc. d/b/a Textron Marine and Land Services (hereinafter "Textron"), a foreign business, licensed to do and doing business in the Parish of St. Tammany, State of Louisiana;

G. DL Peterson Trust, a foreign business, licensed to do and doing business in the Parish of St. Tammany, State of Louisiana;

H. Liberty Mutual Insurance Company, a foreign insurance company licensed to do and doing business in the Parish of St. Tammany, State of Louisiana;

I. XYZ Insurance Company, a foreign insurance company, licensed to do and doing business in the Parish of St. Tammany, State of Louisiana;

J. ABC Insurance Company, a foreign insurance company, licensed to do and doing business in the Parish of St. Tammany, State of Louisiana

## C.     Facts

### I.

Defendants are liable unto your petitioner, jointly, severally, and *in solido* for reasonable damages, for the following, to wit:

### II.

On or about the 20th day of April 2011 at approximately 8:08 a.m., petitioner herein, Margie Clark, was a guest passenger on an Amtrak train passenger car, when suddenly and without warning the train struck a 2008 Kenworth Tractor towing a 2011 TRK Lowboy owned by defendant, Textron and/or DL Peterson Trust, and operated with permission by Randall E. Bray, which was on the railroad tracks.

### III.

At all times relevant herein, and upon information and belief, defendant, Norfolk Southern, was the owner of the railroad tracks upon which the Amtrak passenger train was operating.

IV.

At all times relevant herein, and upon information and belief, defendant, Christopher Whatley, was the engineer of the Amtrak passenger train involved in the accident which forms the basis of this petition.

V.

At all times relevant herein, and upon information and belief, defendant, Daniel Thomas, was the conductor of the Amtrak passenger train involved in the accident which form the basis of this petition.

VI.

At all times relevant herein, and upon information and belief, defendants, Christopher Whatley and Daniel Thomas, were in the course and scope of their employment with Amtrak, which is vicariously liable for their negligence.

VII.

At all times relevant herein, and upon information and belief, defendant, Randall E. Bray, was in the course and scope of his employment with defendant, Textron and/or DL Peterson Trust, which is/are vicariously liable for his negligence.

VIII.

At all times relevant herein, Liberty Mutual Insurance Company, was the insurer for public liability for defendants, Randall E. Bray and Textron and/or DL Peterson Trust, and is therefore liable for all damages to petitioner, Margie Clark, arising out of their negligence and/or the negligence of their employees.

4

IX.

At all times relevant herein, XYZ Insurance Company, was the insurer for public liability

for defendant, Amtrak, and is therefore liable for all damages to petitioner, Margie Clark, arising

out of its negligence and/or the negligence of its employees, including, but not limited to,

Christopher Whatley and Daniel Thomas.

X.

At all times relevant herein, ABC Insurance Company, was the insurer for public liability

for defendant Norfolk Southern, and is therefore liable for all damages to petitioner, Margie

Clark, arising out of its negligence and/or the negligence of its employees.

XI.

As a result of said accident, petitioner, Margie Clark, was caused severe and painful

personal injury, including but not limited to all bones and muscles of the body, nerves,

ligaments, tissues, and blood vessels, and, more particularly, injuries to the neck and lower back.

XII.

The above described accident and ensuing injuries to petitioner, Margie Clark, was

proximately caused by the negligence of defendant, Randall E. Bray, including, but not limited

to, the following acts and omissions:

1.    Failure of the driver to maintain proper control of the vehicle;
2.    Failure to maintain proper lookout;
3.    Failure to yield right of way;
4.    Operation of a vehicle in a careless and reckless manner;
5.    Failure to use reasonable vigilance;
6.    Failure to heed the warning signs or devices at or near the railroad crossing;
7.    Failure to heed the plan and audible warning horn or whistle given as the train approached;

8.    Failure to obey the traffic laws of the Parish of St. Tammany, State of Louisiana, which are pleaded herein by reference, including, but not limited to, LSA-R.S. 32:171 and all other federal and state laws and regulations with respect to motor carriers and/or railroad crossings;

9.    Any and all other acts of negligence, which will be proven at the trial of this matter.

### XIII.

Alternatively, the above described accident and ensuing injuries to petitioner, Margie Clark, was proximately caused by the negligence of defendants, Christopher Whatley and Daniel Thomas, including, but not limited to, the following acts and omissions:

1.    Failure to maintain proper lookout;
2.    Operation of the train in a careless and reckless manner;
3.    Failure to use reasonable vigilance;
4.    Failure to blow a horn or whistle to warn motorists of the train's approach;
5.    Failure to obey federal and state laws and regulations regarding the duties of train operators when operating a train and when approaching a crossing, which are pleaded herein by reference, including, but not limited to, the Federal Railway Safety Act (49 U.S.C. §20101, et seq.),49 CFR Part 212, and Title 45, Chapter 6 of the Louisiana Revised Statutes;
6.    Any and all other acts of negligence, which will be proven at the trial of this matter.

### XIV.

In the further alternative, the above described accident and ensuing injuries to petitioner, Margie Clark, was proximately caused by the negligence of defendant, Amtrak, including, but not limited to, the following acts and omissions:

1.    Failure to remove obstructions which interfered with the public's view of the track;
2.    Failure to install and/or maintain all required warnings, cross bucks, signs, and lights along the track;
3.    Failure to maintain a smooth crossing surface for vehicles to traverse;
4.    Failure to obey federal and state laws and regulations regarding the duties of train operators and/or track and railroad crossing owners, which are pleaded herein by

6

reference, including, but not limited to, the Federal Railway Safety Act (49 U.S.C. §20101, et seq.),49 CFR Part 212, and Title 45, Chapter 6 of the Louisiana Revised Statutes; and

5. Any and all other acts of negligence, which will be proven at the trial of this matter.

### XV.

In the further alternative, the above described accident and ensuing injuries to petitioner, Margie Clark, was proximately caused by the negligence of defendant, Norfolk Southern, including, but not limited to, the following acts and omissions:

1. Failure to remove obstructions which interfered with the public's view of the track;

2. Failure to install and/or maintain all required warnings, cross bucks, signs, and lights along the track;

3. Failure to maintain a smooth crossing surface for vehicles to traverse;

4. Failure to obey federal and state laws and regulations regarding the duties of railroad crossing owners, which are pleaded herein by reference, including, but not limited to, the Federal Railway Safety Act (49 U.S.C. §20101, et seq.),49 CFR Part 212, and Title 45, Chapter 6 of the Louisiana Revised Statutes; and

5. Any and all other acts of negligence, which will be proven at the trial of this matter.

### XVI.

As a result of the defendants' negligence enumerated hereinabove, petitioner, Margie Clark, is entitled to reasonable damages, and herewith itemizes her damages as follows:

1. Past, present and future physical pain and suffering;

2. Past, present and future mental pain and suffering;

3. Lost wages;

4. Past, present and future medical bills.

WHEREFORE, petitioner Margie Clark, prays that defendants be duly served and cited to appear and answer this Complaint, all as provided by law, and that after all legal delays and due proceedings had, there be judgment rendered in favor of the plaintiff, Margie Clark, and

against the defendants, National Railroad Passenger Corporation d/b/a Amtrak, Norfolk Southern, Christopher Whatley, Daniel Thomas, Randall E. Bray, Textron, Inc. d/b/a Textron Marine and Land Services and/or DL Peterson Trust, Liberty Mutual Insurance Company, XYZ Insurance Company, and ABC Insurance Company, jointly, severally and *in solido*, for reasonable damages, with legal interest from the date of judicial demand until paid, all costs of these proceedings, along with such other relief as law, equity and the nature of this case shall require.

Respectfully submitted,

___*s:/ John D. Sileo*_____
JOHN D. SILEO, T.A. (LA. BAR NO.: 17797)
KEVIN P. RICHÉ (LA. BAR NO.: 31939)
320 N. Carrollton Avenue, Suite 101
New Orleans, Louisiana 70119
TEL: 504-486-4343
FAX: 504-297-1249

Please serve:

**National Railroad Passenger Corporation**
Through its agent for service of process,
Amtrak General Counsel
60 Massachusetts Avenue N.E.
Washington, D.C. 20002

**Norfolk Southern Corp.**
Through its agent for service of process,
Roger A. Petersen
3 Commercial Place
Norfolk, Virginia 23510

**Christopher Whatley**
215 Charlie Court
Laurel, Mississippi 39445

**Daniel Thomas**
1612 Front Street
Meridian, Mississippi 39307

**Randall E. Bray**
39592 Cherry Lane
Pearl River, Louisiana 70452

**Textron, Inc.**
Through its agent for service of process,
C.T. Corporation System
Corporate Blvd., Ste. 400B
Baton Rouge, Louisiana 70808

**Liberty Mutual Insurance Company**
Through their agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809